IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

IN THE MATTER OF THE
WORK SITE LOCATED AT
OR NEAR 5901 SLOANE
DRIVE, LITTLE ROCK,           NO. 4:25-MC-00003-PSH
ARKANSAS, 72206, UNDER
THE CONTROL OR CUSTODY
OF SAGE V FOODS, LLC

## ORDER

On March 11, 2025, Sage V Foods, LLC ("SVF") filed a motion to quash an inspection warrant obtained by the Occupational Safety and Health Administration ("OSHA"), an agency of the United States Department of Labor ("Department of Labor"). See Docket Entry 6. SVF thereafter conferred with representatives of the Department of Labor in an attempt to resolve the issues short of litigating the motion to quash.

On March 24, 2025, SVF filed an addendum to its motion to quash. See Docket Entry 8. In the addendum, SVF represented, in part, the following:

> … Since SVF filed its motion to quash the [OSHA] inspection warrant, conferral has narrowed the issues in dispute. But SVF must request that the Court clarify that its search warrant issued on March 10, 2025, did not result in any equitable tolling of the operative limitations period for the [OSHA] to issue a citation and notification of penalty.
>
> …
>
> The relief SVF seeks from this Court, at this time, is an order that equitable tolling of OSHA's six-month statute of limitations is not warranted in this matter, and that equitable tolling could not have been granted in an <u>ex parte</u> search warrant. [Footnote omitted].

See Docket Entry 8 at CM/ECF 2.

The Court reviewed SVF's addendum and determined that a response to it by the Department of Labor would be beneficial. The Department of Labor was therefore asked to address SVF's assertion that equitable tolling of OSHA's six-month statute of limitations was not warranted in this matter.[1]

On April 8, 2025, the Department of Labor filed its response to SVF's addendum. See Docket Entry 10. In the response, the Department of Labor represented, in part, the following:

---

[1] The Court understood this one issue to be the only issue remaining in this case, although SVF "preserve[d] all objections to the warrant" and reserved the right to raise those objections before the OSHA Review Commission. See Docket Entry 8 at CM/ECF 1-2.

>       Based on evidence discovered under the inspection warrant and other inspection activities, OSHA issued a citation and notification of penalty to [SVF] on April 4, 2025. The six-month statute of limitations under 29 U.S.C. 658(c) in this case is April 8, 2025. Therefore, OSHA has issued a citation to [SVF] within the statute of limitations and any tolling of the statute of limitations is now unnecessary.
>
>       Since the citation was timely issued within the statute of limitations, [SVF] has suffered no injury and the relief it seeks is moot. [Footnote omitted]. Accordingly, the [Department of Labor] respectfully requests the Court dismiss [SVF's] Motion to Quash in its entirety.

See Docket Entry 10 at CM/ECF 2.

Given the Department of Labor's response to SVF's addendum, there is nothing for the Court to resolve, and the relief SVF seeks is now moot. The motion to quash filed by SVF is therefore denied.

IT IS SO ORDERED this 21st day of April, 2025.

_____
UNITED STATES MAGISTRATE JUDGE